IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH BLASINGAME, et al.,

    Plaintiffs,                  No. CIV S-10-514 KJM P

    vs.

D.K. SISTO, et al.,

    Defendants.             ORDER

    Plaintiffs are state prisoners proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs filed their complaint on March 1, 2010, and paid the filing fee.[1]

I.    Screening Requirement Under The Prison Litigation Reform Act

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

---

[1] By order of June 24, 2010, the court found this case is "related," as defined by Local Rule 123(a), to CIV S-10-191 KJM P and CIV S-10-513 KJM P. See Docket No. 5. The court also ordered counsel, who represents all plaintiffs in all three related actions, to show cause why the cases should not be consolidated. Id. Counsel has not responded to the court's order to show cause.

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). To survive dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

/////

/////

II.     Plaintiffs' Allegations

The complaint alleges serious deficiencies in medical treatment and testing during an outbreak of tuberculosis at California State Prison-Solano (CSP-Solano) while all of the plaintiffs were housed there. Plaintiffs have sued defendants for knowingly exposing them to inmates with active tuberculosis and thus "recklessly causing the transmission of tuberculosis (TB) infection ... by deliberate indifference[.]" Compl. at 2 (docket no. 1). Plaintiffs claim that as a result of this exposure they have contracted a latent form of TB, which has required "treatment with medication with toxic side effects" and will subject them to "life-long monitoring to guard against TB reactivation." Id. ¶ 3. They allege that their exposure to TB constitutes cruel and unusual punishment in violation of the Eighth Amendment.

A.      Standards For Inadequate Medical Care Under The Eighth Amendment

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under 42 U.S.C. § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." From this baseline standard, the Ninth Circuit has developed a two-part test for deliberate indifference:

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical

need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment

Id. at 1060.

There is no Eighth Amendment violation if a delay in treatment is not harmful. Shapely v. Nevada Bd. Of State Prison Com'rs., 766 F.2d 404, 407 (9th Cir. 1985). However, unnecessary continuation of pain may constitute the "harm" necessary to establish an Eighth Amendment violation from delay in providing medical care. McGuckin, 974 F.2d at 1062.

A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

As in all cases brought under § 1983, a complaint alleging deliberate indifference to a serious medical need must state in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

III.     Analysis

The court finds that the complaint states a cognizable claim against defendants Sisto and Traquina but does not state a cognizable claim against defendants Rallos, Rohrer, Tan, Chen, Whin, Hsieh and Mahon.

There is no question that the central allegation against all of the defendants – i.e., that defendants knew some inmates had active TB but did not quarantine them from uninfected inmates – avers acts of deliberate indifference to a serious medical need. However, the complaint must also attribute a specific act or omission to each named defendant. The complaint is specific in alleging that defendant Sisto was deliberately indifferent when he failed to remove inmates with active TB from the prison population and thus exposed plaintiffs to infection. See Compl. ¶ 63. Furthermore, the court finds in the allegations an implied cause of action against defendant Traquina, whom the complaint identifies as the chief medical officer at CSP-Solano. Id. ¶ 35. Although plaintiffs have failed to be as specific in their allegations against Traquina as they are against Sisto, the court finds that Traquina's position as chief medical officer makes it plausible he knew of the serious risk of exposure and failed to take steps to abate it. If proved, that failure to act could make him liable for deliberate indifference to a serious medical need under the Eighth Amendment.

However, the complaint contains no implicit or explicit factual basis for a cause of action against the other named defendants. Although they are all alleged to have been members of the prison's medical staff during the relevant time, mere employment as a health care provider at CSP-Solano, without more, cannot stand as the basis of a viable claim against an individual defendant. It is plausible that each of these defendants knew the risk infected inmates presented, but, unlike defendants Sisto and Traquina, none of these defendants is alleged to have been in any position of authority that could have put them in control of plaintiffs' safety in the face of exposure. The complaint fails to state any facts regarding any of these defendants'

1 individual involvement in treating the plaintiffs.[2]  Because the complaint contains only general averments of inaction against these defendants without affirmatively linking any one of them to any specific plaintiff, the claims against Rallos, Rohrer, Tan, Chen, Whin, Hsieh and Mahon will be dismissed.

For the limited purpose of § 1915A screening, the court finds the complaint states a cognizable claim against defendants Sisto and Traquina.  See 28 U.S.C. § 1915A.  If the allegations of the complaint are proven, plaintiffs have a reasonable opportunity to prevail on the merits of the action.  The Clerk of the Court will be directed to issue the appropriate number of summonses to plaintiff for purposes of service of process.  See Federal Rule of Civil Procedure 4.  Plaintiffs shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within 120 days from the date of this order.  Plaintiffs shall serve a copy of this order on each defendant, together with a summons and a copy of the complaint.

IV.   Extension of Plaintiffs' Time to Serve the Complaint; Consolidation With Other Cases

As noted above, the court previously found this case "related" to CIV S-10-191 KJM P and CIV S-10-513 KJM P, under Local Rule 123(a). At a status conference held in CIV S-10-191 KJM P, on October 13, 2010, counsel for plaintiffs in all three actions stated he had no objection to the court's finding that the cases should be consolidated for all purposes except trial. Counsel for the defendants in that case stated he would file a motion no later than October 15, 2010, with the motion to be heard on November 17.  The parties stipulated to the motion's filing on October 15 as timely. In light of that schedule, and the fact that all three cases contain nearly

---

[2] The complaint does allege that a medical staffer named Morin erroneously interpreted a skin test (s)he performed on an inmate named Hassel. See Compl. ¶¶ 41-42.  These two paragraphs refer to Morin as a defendant, but that name is omitted at every other point where defendants are named in the complaint.  It is therefore unclear whether plaintiffs intend to bring Morin in as a defendant, but, in any event, the factual allegations against Morin only rise to the level of medical negligence.  There is no averment of deliberate indifference to a serious medical need in those paragraphs; there is only the allegation that Morin misinterpreted Hassel's skin test. A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06. Therefore the complaint states no cause of action against Morin.

identical allegations against defendants Sisto and Traquina, the court will withhold an order of consolidation until after it rules on the motion to dismiss in CIV S-10-191 KJM P.  The court anticipates issuing findings and recommendation on the motion to dismiss promptly following hearing on the motion.  For the same reason, plaintiffs are being provided sufficient time so that they may know the outcome of the motion to dismiss before completing service on defendants in this case, if they choose to wait to effect service.  A status conference will be set to monitor the status of this case following resolution of the motion to dismiss and expiration of the time to complete service.

As contemplated by the Local Rules, the parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party choosing to consent may complete the form and return it to the clerk of this court.  Neither the magistrate judge nor the district judge handling the case will be notified of the filing of a consent form unless all parties to the action have consented.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send counsel for plaintiffs two summonses, for defendants Sisto and Traquina. The Clerk shall also send plaintiffs a copy of the form "Consent to Proceed Before United States Magistrate Judge" with this order.

2. Plaintiffs shall complete service of process on the defendants within 120 days from the date of this order.  Plaintiffs shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the summons and complaint are served.

3. Defendants shall respond to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

4. A Status (Pretrial Scheduling) Conference is set for April 13, 2011, at 10:00 a.m. in courtroom # 26 before the undersigned.

5. The parties shall submit to the court and serve by mail on all other parties, no later than seven days before the Status (Pretrial Scheduling) Conference, a status report addressing the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);

    g. The potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be scheduled and if so when, whether referral to the court's Alternative Dispute Resolution (ADR) Program Coordinator Sujean Park (see Local Rule 271) is appropriate in this case, and whether the counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving any disqualifications by virtue of her so acting, or whether they prefer to have a Settlement Conference before another judge;

    h. Future proceedings, including setting appropriate cutoff dates for discovery and law and motion and the scheduling of a pretrial conference and trial;

    i Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

    j. Whether the case is related to any other case, including matters in bankruptcy; and

    k. Any other matters that may add to the just and expeditious disposition of this matter.

/////

      6. Counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition (see Local Rule 160). In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

DATED: October 15, 2010.

_____
U.S. MAGISTRATE JUDGE

4
ogo0513.8feeaty