IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH BLASINGAME, et al.

     Plaintiffs,            No. CIV S-10-0514 KJM P

   vs.

D.K. SISTO, et al.

     Defendants.      ORDER
_____/

        Plaintiffs are state prisoners proceeding through counsel with an action under 42 U.S.C. § 1983. On June 24, 2010, the court found this case to be "related" to <u>Hassel v. Sisto</u>, CIV S-10-0191 GEB KJM P, and <u>Ogo v. Sisto</u>, CIV S-10-0513 KJM P, under Local Rule 123(a). Plaintiffs in all three actions are represented by the same counsel.

        At a status conference held in <u>Hassel</u> on October 13, 2010, counsel for plaintiffs stated he had no objection to the court's finding that all three cases should be consolidated for all purposes except trial. At the same conference, the court allowed defense counsel in <u>Hassel</u> to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Meanwhile, the court issued screening orders in <u>Ogo</u> and <u>Blasingame</u>. The court stated in those screening orders that "all three cases contain nearly identical allegations against defendants Sisto and Traquina," but

/////

1  ruled it appropriate to withhold an order of consolidation until after the court ruled on the motion

2  to dismiss in Hassel.  See Ogo, Docket No. 5 at 6-7; Blasingame, Docket No. 7 at 6-7.

3         The court heard the motion to dismiss in Hassel on November 17, 2010, and

4  ordered that the complaint in that action be dismissed with leave to amend.  See Hassel, Docket

5  No. 25.  In light of that ruling, the court finds that the screening orders in Ogo and Blasingame

6  should be vacated and those complaints also dismissed with leave to amend.  The plaintiffs in

7  Ogo and Blasingame shall file their respective complaints on the same schedule as the plaintiffs

8  in Hassel – that is, no later than December 1, 2010.  After the amended complaints are filed, the

9  court will screen them under 28 U.S.C. § 1915A.[1]  The court will continue to hold consolidation

10  in abeyance until all three amended complaints have been filed.

11         Accordingly, IT IS THEREFORE ORDERED that:

12         1.  The screening order of October 15, 2010 (Docket No. 5), is vacated.

13         2.  The complaint filed March 1, 2010, is dismissed without prejudice.

14         3.  Plaintiffs have until December 1, 2010, to file an amended complaint.

15  DATED:  November 18, 2010.

                                                  U.S. MAGISTRATE JUDGE

4
ogo0513.ord

---

[1] The court will assess the amended complaint by the same standard applied to the original complaint in Hassel – that is, according to the Supreme Court's newly articulated definition of a well pleaded complaint.  By that definition, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.